# United States Court of Appeals
# For the Federal Circuit

INTERNATIONAL MEDICAL DEVICES, INC.,
MENOVA INTERNATIONAL, INC., JAMES ELIST,
*Plaintiffs-Appellees*

v.

ROBERT CORNELL, AUGMENTA, LLC,
CORNELL COSMETIC UROLOGY LLC, DAVID LOUIS NICHOLS,
HUCK MEDICAL TECHNOLOGIES INC., HANS MISCHE, HANS MISCHE LLC,
RUN WANG, ROBERT J. CORNELL, M.D., P.A., RICHARD B. FINGER
*Defendants-Appellants*

v.

DOES, 1 THROUGH 10, INCLUSIVE,
*Defendants*

On Appeal from the United States Court for the Central District of California
in No. 2:20-cv-03503-CBM-RAO, Senior Judge Consuelo Bland Marshall.

## REPLY BRIEF OF APPELLANT RICHARD B. FINGER

KING & SPALDING LLP
Jonathan Weinberg
1700 Pennsylvania Avenue NW, Suite 900
Washington, DC 20006
(202) 737-0500

BECK REDDEN LLP
Russell S. Post
1221 McKinney, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

*Principal Counsel*

## COUNSEL FOR DEFENDANT-APPELLANT RICHARD B. FINGER

October 1, 2025

# TABLE OF CONTENTS

**PAGE**

Table of Contents ..................................................................................... ii

Table of Authorities ............................................................................... iv

Introduction .............................................................................................1

Argument in Reply ..................................................................................2

I.  Plaintiffs Fail to Identify Evidence of Misappropriation by Finger................2

    A.  Plaintiffs cite no evidence that Finger misappropriated—or even had knowledge of—the alleged trade secrets. ...............................2

    B.  Plaintiffs' evidentiary citations do not address these challenges. ..............................................................................2

        1.  Internal voids/pockets. .................................................................2

        2.  Mesh tabs and absorbable sutures.................................................3

        3.  Instrument list. ...........................................................................3

    C.  Plaintiffs' arguments about Finger's involvement with Augmenta do not prove misappropriation of the alleged trade secrets. ....................................................................................3

        1.  Disbelief is not affirmative evidence. .........................................4

        2.  Plaintiffs' "evidence" ignores Finger's legal challenges.......................................................................................4

II.  The Exemplary Damages Must Be Reversed. ................................................6

    A.  Omission from the pretrial order bars recovery. ..................................6

        1.  Pleadings that predated the pretrial order are irrelevant..............6

        2.  Defendants timely objected to post-trial consideration of the exemplary damages claim.................................................7

B.    Independently, the lack of a jury finding bars recovery. ......................9

      1.    Defendants did not consent to a bench trial of this issue........................................................................................9

      2.    Plaintiffs defy both CUTSA and the Seventh Amendment. ..............................................................................10

C.    Plaintiffs cite no evidence of "malicious" conduct by Finger. ...........13

D.    Finger is not jointly and severally liable for exemplary damages. ..............................................................................................14

Conclusion ......................................................................................................14

Certificate of Service ....................................................................................16

Certificate of Compliance .............................................................................16

**CASES**                                                                    **PAGE(S)**

*Ajaxo Inc. v. E\*Trade Group, Inc.*,
  135 Cal. App. 4th 21 (2005) ..................................................................10, 13, 14

*Applied Medical Dist. Corp. v. Jarrells*
  (2024) 100 Cal. App. 5th 556 ...........................................................................13

*BBA Nonwovens Simpsonville, Inc. v. Superior Nonwovens, LLC*,
  303 F.3d 1332 (Fed. Cir. 2002) ...........................................................................5

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
  922 F.2d 792 (Fed. Cir. 1990) .............................................................................8

*Bose Corp. v. Consumers Union*,
  466 U.S. 485 (1984).............................................................................................4

*Champ Sys., Inc v. Fines*,
  No. C096837, 2024 WL 3158235 (Cal. Ct. App. June 25, 2024) ......................14

*Curtis v. Loether*,
  415 U.S. 189 (1974)...........................................................................................12

*EnerTode, Inc. v. General Capacitor Co.*,
  2019 WL 1715170 (N.D. Cal. April 17, 2019)...................................................11

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989).............................................................................................12

*Mattel, Inc. v. MGA Entm't, Inc.*,
  801 F. Supp. 2d 950 (C.D. Cal. 2011) ...............................................................11

*McDowell v. Calderon*,
  197 F.3d 1253 (9th Cir. 1999) .............................................................................8

*Medtronic, Inc. v. Teleflex Innovations S.À.R.L.*,
  68 F.4th 1298 (Fed. Cir. 2023) ............................................................................7

*Nelson v. Adams*,
  529 U.S. 460 (2000)..............................................................................................7

*Pearl Invs., LLC v. Standard I/O, Inc.*,
297 F. Supp. 2d 335 (D. Me. 2004) ...................................................11

*Pfizer, Inc. v. Lee*,
811 F.3d 466 (Fed. Cir. 2016) .............................................................7

*Pierce Cnty. Hotel Emps. & Rest. Emps. Health Tr. v. Elks Lodge*,
827 F.2d 1324 (9th Cir. 1987) .........................................................8, 9

*PMC, Inc. v. Kadisha*,
78 Cal. App. 4th 1368 (2000) ..............................................................5

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
719 F.3d 1305 (Fed. Cir. 2013) ...........................................................9

*Rockwell Int'l Corp. v. U.S.*,
549 U.S. 457 (2007).............................................................................6

*Silvaco Data Sys. v. Intel Corp.*,
184 Cal. App. 4th 210 (Cal. Ct. App. 2010).........................................3

*So. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*,
728 F.2d 1262 (9th Cir. 1984) .............................................................6

*Solis v. Cnty. of Los Angeles*,
514 F.3d 946 (9th Cir. 2008) .............................................................10

*Swofford v. B&W, Inc.*,
336 F.2d 406 (5th Cir. 1964) .............................................................11

*Teutscher v. Woodson*,
835 F.3d 936 (9th Cir. 2016) .......................................................11, 12

*Texas Advanced Opto. Sols., Inc. v. Renesas Elecs. Am., Inc.*,
895 F.3d 1304 (Fed. Cir. 2018) .........................................................12

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
853 F.3d 980 (9th Cir. 2017) .............................................................14

*United States v. First Nat'l Bank of Circle*,
652 F.2d 882 (9th Cir. 1981) ...............................................................8

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    830 F.3d 1335 (Fed. Cir. 2016) ........................................................................11

*Voda v. Cordis Corp.*,
    536 F.3d 1311 (Fed. Cir. 2008) ........................................................................13

*Yee v. City of Escondido*,
    503 U.S. 519 (1992)...........................................................................................7

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ........................................................................12

## INTRODUCTION

Plaintiffs secured *separate* jury findings of misappropriation against each defendant for each alleged trade secret, Appx7461-7464, so they must cite evidence to support *each* finding against *each* defendant as to *each* secret.

They cannot do so as to Finger, who just provided capital and financial advice. Notably, Plaintiffs accuse Finger of being involved with Augmenta in general but cite no evidence linking him to misappropriation of the specific alleged trade secrets. Plaintiffs' own statement of facts confirms that Finger was not even contacted until months *after* Cornell visited Elist and began designing his implant with Mische (IMD.Br.9-13), and their "evidence" of misappropriation by Finger (*id*. 1-2, 13-17) is confined to the facts addressed by Finger's opening brief: routine activities of venture capitalists that cannot support a reasonable inference of misappropriation— much less an awareness that any features of the Augmenta constituted trade secrets that had been stolen from Plaintiffs.

The most glaring manifestation of Plaintiffs' effort to condemn Finger for the alleged sins of others is their claim (at 19) that "Defendants" were held in contempt for violating a preliminary injunction. But Plaintiffs requested a contempt order *only* against "Defendants Cornell, Wang, and Clavell-Hernandez," *not* against Finger. Appx19950-19951. Similar exaggerations pervade Plaintiffs' entire case.

## I. Plaintiffs Fail to Identify Evidence of Misappropriation by Finger.

Lumping Defendants together, Plaintiffs defend 40 misappropriation findings (at 35-39) in a 5-page section titled "All Defendants Misappropriated." As to Finger, Plaintiffs fall far short.

### A. Plaintiffs cite no evidence that Finger misappropriated—or even had knowledge of—the alleged trade secrets.

Plaintiffs sidestep the real issue (at 36-39) by citing only evidence that Finger was involved with *the Augmenta*—not that he misappropriated *the alleged secrets*. Without proof linked to each alleged secret, the findings against Finger cannot stand. Finger.Br.15. Plaintiffs ignore this challenge.

Similarly, Plaintiffs ignore Finger's argument that they failed to prove he had "knowledge of the trade secret[s]." Finger.Br.16-17. This overlooked challenge provides another simple basis for reversal.

### B. Plaintiffs' evidentiary citations do not address these challenges.

#### 1. Internal voids/pockets.

Plaintiffs cite no evidence that Finger knew of the internal voids/pockets idea. They refer to "notes" from Cornell's training session and the meeting with Nichols (at 37, 39) and Mische's "concept drawings" (at 38), but none refers to internal voids. Plaintiffs cite no testimony linking those documents to knowledge by Finger of the internal voids/pockets idea.

2

### 2. Mesh tabs and absorbable sutures.

Plaintiffs argue (at 38) that Finger sent Mische's initial drawings to Nichols, but the cited drawings did not include the alleged trade secrets. Appx13915-13918, Appx13989-13992; Appx16049. While Cornell added a handwritten reference to "embedded mesh," Appx13989-13991, those notations did not refer to "mesh tabs" and there was no reference to internal voids/pockets or absorbable sutures.

Likewise, the notes from Cornell's initial meeting with Nichols (at 37, 39) refer to Ethicon mesh in the *current* implant (Appx16069; Appx13976; Appx13982), not the *forward-looking* "mesh tabs" idea. And in any event, Plaintiffs cite no proof that Finger had Cornell's ideas about future use of mesh tabs and absorbable sutures at his "command, in [his] possession, subject to study, disclosure, and exploitation." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 226 (Cal. Ct. App. 2010).

### 3. Instrument list.

There is no proof that Finger ever knew anything about Elist's instrument list. Plaintiffs' brief (at 35-39) cites no such evidence.

### C. Plaintiffs' arguments about Finger's involvement with Augmenta do not prove misappropriation of the alleged trade secrets.

Attempting to confirm that Finger had reason to know the Augmenta was based on stolen trade secrets—without focusing on the individual alleged secrets—Plaintiffs recycle the district court's errors. Finger.Br.17-23.

### 1. Disbelief is not affirmative evidence.

Plaintiffs argue (at 36) that the jury could disbelieve Defendants' testimony. To be clear, Finger's testimony did not "shift" (at 37). In an exchange lasting just one page, Finger testified consistently that Cornell said "nothing" or "[v]ery little" was discussed in the training session. Appx13953.

More important, disbelief "is not considered a sufficient basis for drawing a contrary conclusion." *Bose Corp. v. Consumers Union*, 466 U.S. 485, 512 (1984). Thus, any supposed "disbelief" of Finger cannot support the verdict.

### 2. Plaintiffs' "evidence" ignores Finger's legal challenges.

Plaintiffs argue (at 36-37) that Finger knew about Cornell's training session and NDA, but the mere fact that a person was subject to an NDA does not permit a reasonable inference that he breached it—much less that a third party like Finger *knew* it had been breached. Finger.Br.20.

Plaintiffs do not answer this principle, and their assertion (at 39) that Finger could nonetheless be held liable for failing to make further inquiries ignores the fact that Finger *did* inquire and was told that Cornell learned "nothing" or "very little." Finger.Br.19-20. What else could he do? There is no contrary evidence.[1]

---

[1] Plaintiffs' assertion that Finger knew Cornell "'built off what he learned at the training'" (at 37) is a quotation from the district court's order without evidentiary support.

Plaintiffs contend (at 37, 39) Finger attended a meeting where Cornell shared his design notes with Nichols and (at 38-39) "discussed what he learned from Elist." But the cited testimony includes no evidence that anyone present knew or had reason to know that Cornell had misappropriated trade secrets from Elist. Elist was simply mentioned as the creator of the "predicate" with which Augmenta would compete. Appx13976; Appx 13982-13983. Competition is not misappropriation.

Finally, Plaintiffs cite (at 36, 38) the "investor memoranda" (*i.e.*, the PPM) disclosing litigation risks. But they do not dispute that a PPM is a legally-required risk disclosure document, so no reasonable inference of *scienter* can arise from it. Finger.Br.22-23. Likewise, fundraising and other activities common to the work of any venture capitalist cannot support a reasonable inference that the financier knew or had reason to know a new product was based on stolen trade secrets. Finger.Br.21. If a jury can infer *scienter* from "financial management and oversight" (Appx16312) of routine business activities (at 38), then *every* venture capitalist will be at risk. Plaintiffs' reliance on this "evidence" to prove Finger's *scienter* is sheer speculation; they have no answer to the cases and limiting principles in Finger's opening brief.

This case is nothing like *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368 (2000), or *BBA Nonwovens Simpsonville, Inc. v. Superior Nonwovens, LLC*, 303 F.3d 1332 (Fed. Cir. 2002), where the facts were very different. The contrast with those cases highlights the evidence that is *missing* against Finger.

## II. The Exemplary Damages Must Be Reversed.

The exemplary damages are both procedurally barred and unsupported.

### A. Omission from the pretrial order bars recovery.

Exemplary damages were abandoned in the pretrial order. Finger.Br.24-26. Plaintiffs do not dispute that claims omitted from the pretrial order are abandoned, or that this pretrial order omitted reference to willful and malicious misappropriation and exemplary damages. *Id*.; Appx6815-6819; Appx6832-6836. They briefly refer to the district court's "discretion" (at 52), but the pretrial order omitted these issues and the court never "interpreted" it otherwise. An appeal to discretion that was not (and could not have been) exercised is no answer.

#### 1. Pleadings that predated the pretrial order are irrelevant.

Plaintiffs cite pleadings and discovery responses (at 51-52), but all were filed years before the pretrial order. Appx1331; Appx19841; Appx19848; Appx19869. The pretrial memoranda were also filed a month before the pretrial order, Appx6675, and Plaintiffs' pretrial brief did not refer to willful and malicious misappropriation or exemplary damages. Appx6701-6703. Theories omitted from a pretrial order are abandoned "even if they appeared in the complaint," *Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 474 (2007), and filings that predate the pretrial order are "irrelevant." *So. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984).

## 2. Defendants timely objected to post-trial consideration of the exemplary damages claim.

Plaintiffs argue (at 51) that Defendants litigated the exemplary damages claim in the post-trial hearing "'without also making a waiver argument.'" On the contrary, Defendants objected because necessary jury findings had not been secured at trial. Appx9241-9242; Appx15618-15619; Appx15660. They made a waiver argument.

Plaintiffs' argument comes down to the fact that Defendants did not formally cite the pretrial order in their objection, but that level of specificity is not required. Defendants objected to a request for relief on a claim that had been omitted at trial, which was sufficient to preserve the issue; Defendants are free to elaborate on the legal basis for their objection on appeal. "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido,* 503 U.S. 519, 534 (1992); *accord Pfizer, Inc. v. Lee*, 811 F.3d 466, 471 (Fed. Cir. 2016).

In short, preservation "does not demand the incantation of particular words" but only "that the lower court be fairly put on notice as to the substance of the issue." *Nelson v. Adams*, 529 U.S. 460, 469-70 (2000); *see also Medtronic, Inc. v. Teleflex Innovations S.À.R.L.*, 68 F.4th 1298, 1305 (Fed. Cir. 2023) (applying this test). Here, by opposing a post-trial award of exemplary damages, Defendants properly raised "the substance of the issue." *Id*.

Plaintiffs also refer to the parties' stipulation at the post-trial hearing (at 51). But it preserved Defendants' objection to post-trial requests for exemplary damages, Appx15618-15619, and did not purport to alter the pretrial order. Finger.Br.25-26. That stipulation did not resurrect a theory that had been abandoned.

Furthermore, Defendants invoked the pretrial order in post-judgment motions. Appx10514-10515; Appx11997-11999. Plaintiffs claim a post-judgment motion is "too late" (at 51), but Rule 59(e) motions are used to correct a "clear error of law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). Here, Defendants' Rule 59(e) motion "gave the trial court [a] chance to correct an egregious misunderstanding of the law" that caused a "basically unfair procedure." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990). Thus, the error is preserved.

Defendants had a "right to rely on the pretrial order as governing the issues" and never consented to modify that order. *Pierce Cnty. Hotel Emps. & Rest. Emps. Health Tr. v. Elks Lodge*, 827 F.2d 1324, 1329 (9th Cir. 1987). The district court also never purported to modify the pretrial order, so it was not free to ignore it. "Disregard of these principles would bring back the days of trial by ambush…." *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886–87 (9th Cir. 1981). Under regional circuit precedent, when a court "departs substantially from the order to the prejudice of a party…the judgment must be reversed." *Id*.

**B.      Independently, the lack of a jury finding bars recovery.**

In addition, the lack of a jury finding bars exemplary damages.

### 1.      Defendants did not consent to a bench trial of this issue.

Plaintiffs' waiver arguments (at 52-54) are meritless.

First, Plaintiffs point to the pre-trial stipulation regarding reasonable royalty. But as noted, that stipulation said *nothing* about exemplary damages.  Finger.Br.28. And because Defendants had "the right to rely on the pretrial order," *Pierce Cnty.*, 827 F.2d at 1329, they had no obligation to request a jury question on the issue of willful and malicious misappropriation or raise that issue in a Rule 50(a) motion. Plaintiffs ignore the applicable cases.  Finger.Br.29.

Second, Plaintiffs fault Defendants for failing to request a jury when Plaintiffs sought exemplary damages "after the liability trial" (at 53).  They cite no authority, and this argument makes no sense.  Defendants had no obligation to request a jury "after the liability trial" on a theory that had been abandoned.  Defendants objected to the lack of the necessary jury finding, Appx9241-9242; Appx15659-15660, preserving their complaint.[2]

---

[2] Plaintiffs cite *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319 (Fed. Cir. 2013), which involves bifurcation of the willfulness issue in patent cases; it is irrelevant to this issue.

Next, Plaintiffs argue that Defendants had to "continue to demand a jury trial" rather than "stand silently by" (at 53-54). But Defendants did not "stand silently by" during the bench trial; they objected to the omission of a jury finding both before, Appx9241-9242, and during the bench trial. Appx15659-15660. Ninth Circuit law holds that such a "'continuing objection'" is "'sufficient to preserve [Defendants'] right to appeal.'" *Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 956 (9th Cir. 2008). The contrast with Plaintiffs' cases proves our point.

Finally, Plaintiffs claim that Defendants "acknowledged in another stipulation that the court could make an award of exemplary damages" (at 54). That is not true. Defendants agreed not to require proof of net worth but preserved "any other rights," Appx15619, including Defendants' objection to "any award of exemplary damages" in light of "the jury's verdict[,]" Appx15618, which omitted the findings required for exemplary damages. Appx9241-9242.

## 2. Plaintiffs defy both CUTSA and the Seventh Amendment.

Contrary to Plaintiffs' suggestion (at 54), the UTSA follows the Patent Act and authorizes courts to find the *amount* of exemplary damages but not the *predicate* of willful and malicious misappropriation. Finger.Br.27. The very existence of a California *jury instruction* (at 54-55), which relies on a case affirming a *jury finding*, *Ajaxo Inc. v. E\*Trade Group, Inc.*, 135 Cal. App. 4th 21, 66 (2005), proves the issue is for the jury. Plaintiffs cite no contrary CUTSA decision.

10

California federal courts hold the willful and malicious issue is for the jury. *E.g.*, *Mattel, Inc. v. MGA Entm't, Inc.*, 801 F. Supp. 2d 950, 952 (C.D. Cal. 2011); *EnerTode, Inc. v. General Capacitor Co.*, 2019 WL 1715170, at \*8 (N.D. Cal. April 17, 2019); *see also Pearl Invs., LLC v. Standard I/O, Inc.*, 297 F. Supp. 2d 335, 339 (D. Me. 2004) (citing cases). This Court should do the same, eliminating the need to reach the Seventh Amendment issue.

Regardless, the Ninth Circuit holds that the right to exemplary damages is a jury issue under the Seventh Amendment. *Teutscher v. Woodson*, 835 F.3d 936, 943 (9th Cir. 2016). Plaintiffs argue that *Teutscher* was not a trade secrets case (at 55), but that is a distinction without a difference. It holds actions for legal relief trigger the Seventh Amendment, and exemplary damages are a form of legal relief.

Plaintiffs seek to avoid regional precedent by citing *Swofford v. B&W, Inc.*, 336 F.2d 406, 412-14 (5th Cir. 1964). But this Court was created to eliminate the confusion that reigned when regional circuits decided questions of patent law; thus, this Court applies its own law to issues "unique to and intimately involved in federal patent law." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 830 F.3d 1335, 1338 (Fed. Cir. 2016). Because *Swofford* contradicts this Court's precedent on the issue, Finger.Br.27, this Court's cases are controlling and the willful and malicious issue is for the jury.

Hoping to drive a wedge between the Patent Act and the UTSA on this issue, Plaintiffs contend (at 56-57) that trade secret misappropriation was not actionable until the 19th Century. But analogues count "[f]or Seventh Amendment purposes," *Texas Advanced Opto. Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1325 (Fed. Cir. 2018), and "claims for patent…infringement are appropriate analogues of the trade secret claim here." *Id.* More important, the history of a claim is only the first step in the Seventh Amendment analysis. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). "Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* "The second stage of this analysis is more important than the first." *Id.*

At this "more important" stage, Supreme Court precedent establishes that exemplary damages are "the traditional form of relief offered in the courts of law." *Curtis v. Loether*, 415 U.S. 189, 196 (1974); *accord Teutscher*, 835 F.3d at 943. Plaintiffs cannot avoid this rule by citing *Texas Advanced Optometric*, a case that concerned disgorgement (an equitable remedy) rather than exemplary damages.

Plaintiffs cite *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) (at 57), but that decision concerned only whether the Montana UTSA "is meant to do no more than incorporate Montana's general punitive damages test." *Id.* at 1111. It did not address the right to a jury under the Seventh Amendment, which was not even raised. Thus, it does not resolve this question.

Finally, Plaintiffs seek a new trial on willful and malicious misappropriation (at 57-58). But Plaintiffs made a deliberate decision not to request a jury finding. This is not a case where the trial court erroneously denied a claim as a matter of law, *Applied Medical Dist. Corp. v. Jarrells* (2024) 100 Cal. App. 5th 556, 566, 594-96, or gave a flawed jury instruction. *Voda v. Cordis Corp.*, 536 F.3d 1311, 1328–29 (Fed. Cir. 2008). On the contrary, Plaintiffs omitted the issue from the pretrial order and failed to request a jury finding at trial. They are not entitled to a new trial simply because their litigation strategy failed.

### C. Plaintiffs cite no evidence of "malicious" conduct by Finger.

Plaintiffs' argument that Finger acted "willfully" and "maliciously" (at 58-60) simply recycles their evidence on liability and fails for the same reasons; it certainly does not satisfy the test for exemplary damages. Finger Br. 30-31.

At most, the evidence cited by Plaintiffs proves only that Finger intended to engage in the conduct attributed to him—not that Finger "intended to cause injury" or acted in "despicable" ways with "a willful and conscious disregard of the rights" of Plaintiffs (the definition of "malice"). *Applied Med.*, 100 Cal App. 5th at 594.

Plaintiffs implicitly concede the limitations of their evidence by citing (at 59) the definition of "willful" conduct from *Ajaxo Inc. v. E\*Trade Group Inc.*, 135 Cal. App. 4th 21, 66 (2005) (namely, conduct that is not "reasonable" or in "good faith"), while ignoring its definition of "malice."

13

Furthermore, they cite *Ajaxo*'s reliance on evidence that the defendant hoped "to gain financially," *id*. at 67, but this fact was cited "[w]ith respect to willfulness," *not* "malice." *Id*. Similarly, *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980 (9th Cir. 2017), involved the test for "willful" conduct. *Id*. at 992.

In short, "willful" and "malicious" are two distinct elements under CUTSA; proof of the former will not support exemplary damages. *Champ Sys., Inc v. Fines*, No. C096837, 2024 WL 3158235, at *15 (Cal. Ct. App. June 25, 2024). However, Plaintiffs cite no evidence of "malicious" conduct by Finger and no case upholding exemplary damages under these facts. The exemplary damages should be reversed, avoiding a ruinous bankruptcy. Appx19445-19473.

**D. Finger is not jointly and severally liable for exemplary damages.**

Plaintiffs agree that Finger's joint and several liability for exemplary damages turns on the premise that he willfully and maliciously misappropriated trade secrets (at 60-61). Their concession resolves this issue. Because Finger is not individually liable for willful and malicious misappropriation, he cannot be held jointly liable for exemplary damages imposed on anyone else. Finger.Br.34.

## CONCLUSION

Finger incorporates Parts I-II of the Cornell reply brief and renews his request for relief from the Brief of Appellant.

October 1, 2025

Respectfully submitted,

**BECK REDDEN LLP**

*/s/ Russell S. Post*
Russell S. Post (Principal Counsel)
1221 McKinney, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

**KING & SPALDING LLP**
Jonathan Weinberg
1700 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
(202) 737-0500

*Attorneys for Defendant-Appellant,*
*Richard B. Finger*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, a copy of the foregoing brief was filed electronically with the Clerk of the Court using the Court's CM/ECF System. Notice of this filing will be sent electronically by operation of the Court's electronic filing system to all counsel of record.

*/s/ Russell S. Post*
Russell S. Post
*Principal Counsel for Appellant,*
*Richard B. Finger*

**CERTIFICATE OF COMPLIANCE**

1.    This brief complies with the type-volume limitation of Fed. Cir. R. 32(b)(1) because it contains 6984 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2) and including parts incorporated from the reply brief of the other Appellants.

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point Times New Roman font.

Dated: October 1, 2025

*/s/ Russell S. Post*
Russell S. Post
*Principal Counsel for Appellant,*
*Richard B. Finger*
