# United States Court of Appeals
## For the Federal Circuit

---

**INTERNATIONAL MEDICAL DEVICES, INC.,
MENOVA INTERNATIONAL, INC., JAMES ELIST,**
*Plaintiffs-Appellees*

**v.**

**ROBERT CORNELL, AUGMENTA, LLC,
CORNELL COSMETIC UROLOGY LLC, DAVID LOUIS NICHOLS,
HUCK MEDICAL TECHNOLOGIES INC., HANS MISCHE, HANS MISCHE LLC,
RUN WANG, ROBERT J. CORNELL, M.D., P.A., RICHARD B. FINGER**
*Defendants-Appellants*

**DOES, 1 THROUGH 10, INCLUSIVE,**
*Defendants*

---

Appeals from the United States Court for the Central District of California
in No. 2:20-cv-03503-CBM-RAO, Senior Judge Consuelo Bland Marshall.

---

## APPELLANTS' UNOPPOSED MOTION TO EXPEDITE ORAL ARGUMENT

---

AHMAD, ZAVITSANOS & MENSING, PLLC
Kelsi Stayart White, *Principal Counsel*
Jason McManis
Weining Bai
1221 McKinney, Suite 2500
Houston, TX 77010
(713) 655-1101

BECK REDDEN LLP
Russell S. Post, *Principal Counsel*
1221 McKinney, Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720 (Fax)

KING & SPALDING LLP
Jonathan Weinberg
1700 Pennsylvania Ave NW, Suite 900
Washington, DC 20006
(202) 737-0500

**COUNSEL FOR APPELLANTS
OTHER THAN RICHARD B. FINGER**

**COUNSEL FOR APPELLANT
RICHARD B. FINGER**

CERTIFICATE OF INTEREST FOR APPELLANT RICHARD FINGER

Counsel for Defendant-Appellant Richard Finger certifies the following:

**1.      The full name of each party represented by me is:**

Richard B. Finger

**2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of each party represented by me are:**

N/A

**4.      The name of all law firms and the partners or associates that appeared for each party now represented by me in the trial court or are expected to appear in this Court is:**

| James Martin<br>REED SMITH | Shayna Jackson<br>REED SMITH | |
|---|---|---|
| Kevin F. Ruf<br>Natalie S. Pang<br>GLANCEY PRONGAY AND MURRAY LLP | Shahmeer Halepota<br>Jason McManis<br>Weining Bai<br>Foster C. Johnson<br>John Zavitsanos<br>Karen B. Peck<br>AHMAD, ZAVITSANOS & MENSING PLLC | Barbara B. DePena<br>(formerly with AHMAD, ZAVITSANOS & MENSING PLLC |

**5.    Related cases:**

No. 25-1580; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (main appeal of judgment by Defendant-Appellant Finger)

No. 25-1605; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (main appeal of judgment by other Defendants-Appellants)

No. 25-1843; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (main appeal of order awarding costs by Defendant-Appellant Finger)

No. 25-1844; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (cross-appeal of award denying attorney's fees)

No. 25-1863; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (related appeal from order awarding costs against other Defendants-Appellants)

**6.    Organizational Victims and Bankruptcy Cases:**

None

*/s/ Russell S. Post*
Russell S. Post
*Principal Counsel for Appellant and
Cross-Appellee, Richard B. Finger*

## CERTIFICATE OF INTEREST FOR ALL OTHER APPELLANTS

Counsel for the other Defendant-Appellants certifies the following:

**1.    The full name of each part represented by me is:**

Robert Cornell, Augmenta, LLC, Cornell Cosmetic Urology LLC, David Louis Nichols, Huck Medical Technologies INC., Hans Mische, Hans Mische LLC, Run Wang, Robert J. Cornell, M.D., P.A.

**2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of each party represented by me are:**

N/A

**4.    The name of all law firms and the partners or associates that appeared for each party now represented by me in the trial court or are expected to appear in this Court is:**

| | | |
|---|---|---|
| Shahmeer Halepota | Barbara B. DePena | Kevin F. Ruf |
| Jason McManis | (formerly with AHMAD, | Natalie S. Pang |
| Weining Bai | ZAVITSANOS & MENSING | GLANCEY PRONGAY AND |
| Foster C. Johnson | PLLC | MURRAY LLP |
| John Zavitsanos | | |
| Karen B. Peck | | |
| Kelsi S. White | | |
| AHMAD, ZAVITSANOS & | | |
| MENSING PLLC | | |

**5.    Related cases:**

No. 25-1580; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (main appeal of judgment by Defendant-Appellant Finger)

No. 25-1605; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (main appeal of judgment by other Defendants-Appellants)

No. 25-1844; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (cross-appeal of award denying attorney's fees)

No. 25-1863; *International Medical Devices, Inc., et al. v. Robert Cornell, et al.*; In the United States Court of Appeals for the Federal Circuit (related appeal from order awarding costs against other Defendants-Appellants)

No. 2:20-cv-03503-CBM-RAO; *International Medical Devices, Inc., et al. v. Robert Cornell M.D., et al.*; In the United States District Court for the Central District of California - Western Division (underlying action)

**6.    Organizational Victims and Bankruptcy Cases:**

None.

*/s/ Kelsi Stayart White*
Kelsi Stayart White
*Principal Attorney for Appellants, other than Richard B. Finger*

**Introduction**

Appellants respectfully move for an expedited oral argument and request that these consolidated appeals be assigned to the next available oral argument calendar (during the February, March, or April 2026 argument sessions).

Expedited argument is warranted because the appeals involve a $20+ million judgment against *individual defendants*, none of whom can provide security for the entire amount. Execution is proceeding against all but one, and that one defendant (Richard Finger) secured a stay of execution only by agreeing to a freeze of his assets—pledging *all his personal investments* to a third-party surety and being enjoined from expending *any other personal property* until the appeal is resolved. An expedited disposition would alleviate the significant adverse effects on all parties (including the plaintiffs), as all parties will benefit from a prompt decision.[1]

**Argument**

Expedited proceedings are appropriate because the normal disposition schedule will adversely affect the parties. Practice Notes to Rule 27. While the complexity of the issues on appeal made an expedited briefing schedule impractical, all parties prepared their briefs expeditiously—and with that briefing now complete, the unusual adverse effects on the parties justify assigning this appeal "to the next available calendar." *Mikkilineni v. Stoll*, 393 Fed. Appx. 720 (Fed. Cir. 2010).

---

[1] Expedited briefing on this motion is not requested. *See* Fed. Cir. R. 27(c).

# I.      The normal disposition schedule would adversely affect the parties.

Adhering to the normal disposition schedule here would adversely affect each of the parties for different reasons.  This case involves a monetary judgment of over $20 million against *individuals*.  Only one Appellant (Richard Finger) was able to secure a partial appeal bond, but at the cost of an injunction that severely limits his daily life.  The remaining Appellants could not afford even that, and are now facing active collection efforts.

*First*, so long as this case is pending, Appellant Richard Finger will be living under an injunction.  To obtain the stay, Mr. Finger had to post a $6.5 million bond and submit to a strict injunction prohibiting him from using his personal property while these appeals are pending.  *See* Ex. A at 2-3; Ex. B; Ex. C.  He is currently "enjoined from selling, transferring, encumbering, or otherwise disposing of any non-exempt personal assets that are not pledged as collateral for the supersedeas bond."  Ex. C at 1.  Moreover, he may use his personal investments *only* as "collateral to secure a $6.5 million appeal bond, and for no other purpose."  *Id*. at 2.  Even his personal checking account is off limits—to be used "only to pay the bond premium, and federal, state, and local taxes, as they come due."  *Id*.  The freeze on Mr. Finger's assets will "remain in effect throughout the pendency of Defendant Finger's appeal and will only be dissolved upon further Order of [the district court]."  *Id*.

6

In other words, so long as this appeal is pending, Mr. Finger must navigate his daily life in a financial straitjacket: all his personal property either pledged as collateral for the appeal bond or subject to the injunction. Pendency of this appeal thus adversely affects Mr. Finger, and expedited treatment is therefore appropriate. *See* Practice Notes to Rule 27 (noting that injunctions warrant expedited action).

*Second*, the other Appellants were unable to secure a stay of execution because they were unable to present a sufficient plan to provide appellate security. *See* Ex. A at 2.  Appellees recently domesticated the judgment in Texas state court (where most defendants reside).  *See* Ex. D.  Thus, Appellees are now permitted to enforce the judgment against the nonexempt assets of all Appellants other than Richard Finger.  *See* Tex. Civ. Prac. & Rem. Code § 35.003(c).  Because they will be exposed to ongoing collection efforts, these other Appellants will be adversely affected by the normal disposition schedule.

*Finally*, while this motion is not filed on behalf of Appellees, they will also benefit from an expedited argument and decision, so they do not oppose this motion.

## II.     The parties have prosecuted this appeal expeditiously and seek only expedited argument.

The parties have expeditiously prosecuted this appeal themselves without an expedited briefing schedule and thus seek only an expedited argument date.  *See* Fed. Cir. R. 27(c)(3) (a motion to expedite proceedings is appropriate for seeking *either* "a proposed expedited merits briefing schedule *or* proposed argument date.").

Appellants expeditiously filed notices of appeal shortly after final judgment. *See* Practice Notes to Rule 4 (recommending "expeditious filing of a notice of appeal shortly after entry of final judgment in the trial forum"). The district court denied Appellants' post-judgment motions on Friday, March 14, 2025, and they filed their notices of appeal the next business day (Monday, March 17, 2025). *See* Ex. E-F. The district court then entered a corrected amended final judgment on Wednesday, March 19, 2025, and Mr. Finger promptly filed an amended notice of appeal on Friday, March 21, 2025. *See* Ex. G. The other Appellants followed suit on Monday, March 24, 2025. *See* Ex. H.

Once the appeal was docketed in this Court, Appellants expedited briefing as much as practical, given the complexity and gravity of the case. The opening briefs were initially due on May 27, 2025. Despite the complexity of the issues on appeal, the magnitude of the judgment, and the press of other imminent deadlines, Appellants prioritized work on their opening briefs and filed them on June 17, 2025, after only a 21-day extension. Appellees were likewise diligent, filing their brief on August 20, 2025, after only a 23-day extension. Appellants filed their reply briefs on October 1, 2025, after only a 21-day extension (which was unavoidable due to conflicts with previously-scheduled oral arguments). Thus, all the briefing was completed in the main appeal in approximately six months.

Once briefing was completed in the main appeal, it was necessary to await the conclusion of briefing in the related appeal (No. 25-1843), which this Court has ordered will be assigned to the same merits panel. Because Appellees perfected a cross-appeal in that proceeding, Appellants did not believe it would be appropriate to seek expedited treatment of the main appeal until all briefs had been filed in both appeals and both parties had a full opportunity to present all of their arguments. Briefing concluded in No. 25-1843 on November 28, 2025.

The parties have thus expedited their briefing in these complex appeals without the need for an expedited briefing schedule. But now that the briefs are filed, all parties will be adversely affected by any prolonged wait for an oral argument—with Appellees attempting to collect from some Appellants and another Appellant living under an injunction. This is just the sort of adverse effect that should justify acceleration of the normal disposition schedule.

## CONCLUSION AND PRAYER

Appellants respectfully request that these appeals be assigned for argument to the next available calendar in February, March, or April 2026.

December 12, 2025

Respectfully submitted,

**AHMAD, ZAVITSANOS
& MENSING, PLLC**

**BECK REDDEN LLP**

/s/ Kelsi Stayart White
Kelsi Stayart White, *Principal Counsel*
Jason McManis
Weining Bai
1221 McKinney, Suite 2500
Houston, TX 77010
(713) 655-1101

/s/ Russell S. Post
Russell S. Post, *Principal Counsel*
1221 McKinney, Suite 4500
Houston, TX  77010
(713) 951-3700
(713) 951-3720 (Fax)

**KING & SPALDING LLP**
Jonathan Weinberg
1700 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
(202) 737-0500

**COUNSEL FOR APPELLANTS
OTHER THAN RICHARD B. FINGER**

**ATTORNEYS FOR APPELLANT,
RICHARD B. FINGER**

## STATEMENT OF CONSENT OR OPPOSITION

Pursuant to Fed. Cir. R. 27(a)(2), counsel for Appellees International Medical Devices, Inc., Menova International, Inc., and James Elist, M.D. in this case and related cases No. 25-1605, 25-1843, 25-1844, and 25-1863 indicated that they do not oppose the relief requested in this motion.

*/s/ Russell S. Post*
Russell S. Post
*Principal Counsel for Appellant,*
*Richard B. Finger*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF System. Notice of this filing will be sent electronically by operation of the Court's electronic filing system to all counsel of record.

*/s/ Russell S. Post*
Russell S. Post
*Principal Counsel for Appellant,*
*Richard B. Finger*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 1,138 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Federal Circuit Rule 32(b).  The motion has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font as provided by Fed. R. App. P. 32(a)(5)-(6).  As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

December 12, 2025

*/s/ Russell S. Post*
Russell S. Post
*Principal Counsel for Appellant,*
*Richard B. Finger*

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-03503-CBM-RAO | Date | June 24, 2025 |
|---|---|---|---|

| Title | *International Medical Devices, Inc. et al v. Robert Cornell et al* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**    **IN CHAMBERS- ORDER RE: PLAINTIFFS' MOTION TO LIFT STAY AND SET BOND; DEFENDANT FINGER'S MOTION TO SET BOND AND FOR APPROVAL OF REDUCED BOND AND AGREED INJUNCTION; DEFENDANTS' APPLICATION FOR APPROVAL OF AGREED INJUNCTION OR ALTERNATIVE SECURITY PLAN (DKT. NOS. 793, 799, 800)**

The matters before the Court are:

1) Plaintiffs' motion to lift the stay and set a bond for some or all of the Defendants (Dkt. No. 793);
2) Defendant Finger's motion to set bond and for approval of reduced bond and agreed injunction or alternative security plan (Dkt. No. 799); and
3) Defendants Robert Cornell, MD; Augmenta, LLC; Robert J. Cornell M.D., P.A.; Cornell Cosmetic Urology, LLC; Augmenta Investors, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; and Run Wang, MD's application for approval of agreed injunction or alternative security plan (Dkt. No. 800).

The Court finds that the matters are appropriate for resolution without a hearing and therefore **VACATES** the hearing currently set for June 24, 2025.

This Court previously denied Defendant Finger's ex parte application for approval of a reduced bond and agreed injunction because no bond had been set in this case and stayed execution of the judgment pending the filing of a motion to set bond and the Court's ruling thereon. (Dkt. No. 791.) Plaintiffs now move to lift the stay of execution or in the alternative, set the bond for Defendants at 125% of the judgment in this case. Defendant Finger moves for this Court to set the bond (for only him) at $6.5 million, which he attests is the largest bond he can obtain with his collectible assets, and to enter an injunction restraining him from transferring any illiquid assets that cannot be used to collateralize a bond, until Defendants' appeal of the judgment is resolved by the Federal Circuit. The

remaining Defendants separately request that this Court waive the bond requirement as to them and instead enter an injunction as to their assets subject to collection.

Federal Rule of Civil Procedure 62(b) allows a party to obtain a stay of execution of judgment by providing a bond or other security. "District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987). "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012). "When a party asks a court to "depart from the usual requirement of a full security supersedeas bond, the burden is on the moving party to show reasons for the departure from the normal practice." *F.T.C. v. Com. Planet, Inc.*, 2012 WL 13015007, at *8 (C.D. Cal. Sept. 13, 2012). Courts in the Ninth Circuit often use the factors from *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) to evaluate whether waiver or reduction of bond is warranted:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Waiver may also be appropriate where "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," or where "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). "In setting the amount of the bond or other appropriate security, the court is to be guided by general equitable principles, with the overarching purpose being to safeguard the judgment creditors as completely as possible without irreparably injuring the judgment debtors." *Abbywho, Inc. v. Interscope Recs.*, 2008 WL 11406049, at *3 (C.D. Cal. Aug. 25, 2008) (internal quotations and brackets omitted).

The Defendants provide declarations regarding their financial assets (collectible and non-collectible) and condition. (*See* Dkt. Nos. 799-1, 800-1, 800-2, 800-3, 800-4.) However, only Defendant Finger has sought and obtained a quote for the greatest bond he can secure based on his assets that can be collateralized. The other Defendants "have demonstrated that they have limited assets, [but] they do not assert that they have attempted to obtain a bond, or that a bond application has been denied." *Abbywho*, 2008 WL 11406049 at *4. Thus, they have not "fulfilled [their] responsibility" to "convince the court that posting a full bond is impracticable." *Id.* Their proposal for an agreed injunction does not remedy this failure to seek and obtain a bond or show that they cannot obtain one.

Based on these Defendants' declarations, it is clear they will not be able to pay anywhere near the full judgment. For this reason, a bond would not be a waste of money and Plaintiffs will likely have a difficult time obtaining judgment from these Defendants. Deferring judgment until after the appeals process will only further prolong this process. Although posting a full bond may financially burden Defendants, they do not explain how their injunction proposal will safeguard Plaintiffs' creditor interests "as completely as possible" pending appeal. *Abbywho*, 2008 WL 11406049 at *3. Accordingly, the Court finds that these Defendants have not demonstrated a waiver of bond is proper and **DENIES** their application for an agreed injunction or alternative security plan.

Defendant Finger, on the other hand, has sought the "greatest bond that can be secured by [his] collectible assets" from a broker. (*See* Dkt. No. 799-1, ¶ 4-6.) In addition to the $6.5 million bond that he can obtain based on the assets that can be collateralized, Finger proposes entering an injunction against the assets that cannot be collateralized. In total, this amounts to $13,128,561 in assets secured by the bond and injunction. (*Id.*, ¶ 3.) While this falls short of the judgment amount Finger is liable for, Finger has shown that "he does not have the

financial ability to post a bond for the full amount of the judgment." *Com. Planet*, 2012 WL 13015007 at *9. Finger also declares that if Plaintiffs are permitted to execute their judgment now, he would "have no alternative but to seek bankruptcy protection and would do so." (*Id.*, ¶ 10.) Thus, "enforcement of the judgment would leave him insolvent" and pose an undue burden on Finger should he prevail on appeal. *Com. Planet*, 2012 WL 13015007 at *9. Bankruptcy proceedings would likely make Plaintiffs' collection on the judgment more difficult, whereas Finger's bond and injunction proposal would expedite the process by consolidating all his collectible assets and preserving them for prompt collection in the event the judgment is affirmed on appeal. Therefore, the Court finds that Finger has demonstrated how his proposal will safeguard Plaintiffs' interests as creditors without irreparably injury Finger by forcing him into bankruptcy. *Abbywho*, 2008 WL 11406049 at *3.

Plaintiffs contend that Finger's proposal is insufficient to cover the judgment in this case. But Finger's proposal covers everything Plaintiffs could possibly recover from Finger at this point—Plaintiffs cannot recover from Finger what he does not have. Plaintiffs' argument that Finger is "hiding [certain assets] behind Texas's homestead exemption" (Mot. at 21) is unavailing in light of the fact that (1) "[c]ourts have been unwilling to expand the exceptions to Texas's homestead exemption beyond its text even when . . . the exemption is utilized as a tool to hinder creditors" (*see Hinds & Shankman, LLP v. Lapides*, 2019 WL 4956148, at *3 (C.D. Cal. Oct. 8, 2019)), and (2) Finger has confirmed that the surety company will not accept his primary residence as collateral for a bond, nor is the surety "aware of any surety that would do so." (Dkt. No. 799-1, Ex. K.) As for Finger's second home in Aspen, Finger's proposed injunction covers his ownership interest in the partnership that owns the property. (*Id.*, ¶ 2(d).)

Accordingly, the Court **GRANTS** Defendant Finger's motion for approval of a reduced bond and agreed injunction. Bond is set at $6.5 million for Defendant Finger only—in addition, Defendant Finger is ordered to submit a proposed injunction, as discussed in Finger's motion, for the Court's review and approval.[1] The remaining Defendants' application is **DENIED**. Plaintiffs' motion to lift the stay is **GRANTED**, and their motion to set bond at 125% of the judgment is **GRANTED** as to Defendants other than Defendant Finger, but **DENIED** as to Defendant Finger.

**IT IS SO ORDERED.**

---

[1] The Court declines to consider Finger's alternative security plan of placing his marketable securities in escrow with a third party.

Exhibit B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC.; et al., | ) ) ) | Case No. 2:20-cv-03503-CBM (RAOx) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | UNDERTAKING UNDER |
| | ) | **Fed. R. Civ. P. 62 (d)** and as provided by |
| ROBERT CORNELL, MD, an individual, et al., | ) ) | Local Applicable Rules of the Federal Rules of Civil Procedure |
| | ) | |
| Defendants. | ) | |

**CIVIL BOND**

WHEREAS, Defendant RICHARD B. FINGER, as Principal,[1] and U.S. SPECIALTY

INSURANCE COMPANY, as Surety desire to give an undertaking for AN APPEAL as

provided by Fed. R. Civ. P. 62(d) and the applicable local rules.

NOW, THEREFORE, the undersigned, RICHARD B. FINGER, as Principal, and U.S.

SPECIALTY INSURANCE COMPANY, as Surety, do hereby obligate themselves jointly and

severally to Plaintiffs, INTERNATIONAL MEDICAL DEVICES, INC., et al., under said

obligations in the sum of  SIX MILLION FIVE HUNDRED THOUSAND DOLLARS AND

NO/100 ($6,500,000.00).

IT IS FURTHER AGREED by the Surety, that in case of default or contumacy on the

part of the Principal or Surety, the Court may, upon notice to it of not less than ten days, proceed

summarily and render judgment against them in accordance with their obligation and award

execution thereon.

---

[1] In accordance with the Court's order of June 24, 2025, this bond provides security "for Defendant Finger only." Doc. 822 at 3.

In compliance with Local Rules 65-2 and 3 of the United States District Court, Central

District of California, Surety U.S. SPECIALTY INSURANCE COMPANY declares under

penalty of perjury under the laws of the United States and certifies that the Surety is admitted in

the State of California, that the security posted in this matter is worth the amount specified in the

Civil Bond over and above the Surety's just debts and liabilities, and that the property which is to

be conveyed as security is not exempt from execution and prejudgment attachment.

SIGNED, SEALED and dated this 10th day of July, 2025.

PRINCIPAL:

RICHARD B. FINGER

By:

Bond No. _100/208710_

Bonding Company:
Address    13403 Northwest Freeway
Address    Houston, TX 77040
Phone Number    (713) 324 - 1000

SURETY:

U.S. SPECIALTY INSURANCE COMPANY

By: _____
As Its: _CONWAY C. MARSHALL, Attorney-in-Fact_

**L.R. 65-5 Certificate**

This bond (or undertaking) has been examined pursuant to L.R. 65-3 and is recommended for
approval. It (is)(is not) required by law to be approved by a judge.

_7/10/2025_
Date

_____
Attorney

2



**TOKIO MARINE**
**H C C**

# POWER OF ATTORNEY
**AMERICAN CONTRACTORS INDEMNITY COMPANY    TEXAS BONDING COMPANY
UNITED STATES SURETY COMPANY    U.S. SPECIALTY INSURANCE COMPANY**

KNOW ALL MEN BY THESE PRESENTS: That American Contractors Indemnity Company, a California corporation, Texas Bonding Company, an assumed name of American Contractors Indemnity Company, United States Surety Company, a Maryland corporation and U.S. Specialty Insurance Company, a Texas corporation (collectively, the "Companies"), do by these presents make, constitute and appoint:

Stephen M. Beahm, Sara S. DeJarnette, Kristine Donovan, Clark P. Fitz-Hugh, David C. Joseph,

Elizabeth W. Kearney, Catherine C. Kehoe, Conway C. Marshall or Amanda A. Riedl of New Orleans, Louisiana ▪
its true and lawful Attorney(s)-in-fact, each in their separate capacity if more than one is named above, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver **any and all bonds, recognizances, undertakings or other instruments or contracts of suretyship to include riders, amendments, and consents of surety, providing the bond penalty does not exceed** _____*****Unlimited*****_____ Dollars ( _____*****$Unlimited*****_____ ).
This Power of Attorney shall expire without further action on ___January 31, 2028___. This Power of Attorney is granted under and by authority of the following resolutions adopted by the Boards of Directors of the Companies:

*Be it Resolved,* that the President, any Vice-President, any Assistant Vice-President, any Secretary or any Assistant Secretary shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:
*Attorney-in-Fact* may be given full power and authority for and in the name of and on behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements or indemnity and other conditional or obligatory undertakings, including any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts, and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Corporate Secretary.
*Be it Resolved,* that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, The Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this 7th day of February 2024.



AMERICAN CONTRACTORS INDEMNITY COMPANY, TEXAS
BONDING COMPANY, UNITED STATES SURETY COMPANY,
U.S. SPECIALTY INSURANCE COMPANY

By: _____
Jon Schneider, Vice President

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

On this 7th day of February 2024, before me, ____D. Littlefield____, a notary public, personally appeared ____Jon Schneider____, ____Vice President____ of American Contractors Indemnity Company, Texas Bonding Company, United States Surety Company and U.S. Specialty Insurance Company who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (seal)

D. LITTLEFIELD
Notary Public - California
Los Angeles County
Commission # 2478570
My Comm. Expires Jan 31, 2028

I, ____Azniv Tashdjian____, ____Assistant Secretary____ of American Contractors Indemnity Company, Texas Bonding Company, United States Surety Company and U.S. Specialty Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Companies, which is still in full force and effect; furthermore, the resolutions of the Boards of Directors, set out in the Power of Attorney are in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seals of said Companies at Los Angeles, California this _10_ day of _July_ _2025_.

Bond No. ___100/208710___
Agency No. ___11511___

_____
Azniv Tashdjian, Assistant Secretary

HCCSMANWETPOA07/2023

Visit tmhcc.com/surety for more information

Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT CORNELL, MD, an individual; et al., <br><br> Defendants. | Case No. 2:20-cv-03503-CBM (RAOx) <br><br><br> **AMENDED INJUNCTION AGAINST RICHARD FINGER PENDING APPEAL** |

On June 24, 2025, the Court granted Defendant Richard Finger's Motion for approval of a reduced bond and agreed injunction because Defendant Finger does not have the financial ability to post a bond for the full amount of the judgment and posting a full bond would impose an undue financial burden.  (Dkt. No. 822).

Consistent with the Court's previous order (Dkt. No. 822), the Court **ORDERS** that Defendant Finger is immediately enjoined from selling, transferring, encumbering, or otherwise disposing of any non-exempt personal assets that are not pledged as collateral for the supersedeas bond, unless Defendant Finger obtains prior court approval. These assets shall include, but are not limited to, the following:

1. Finger's interest in 1205 Red Butte LLC;
2. Finger's interest in the limited partnership that owns Mid Main Lofts;
3. Finger's interest in Treehouse Shaumburg, LLC;
4. Finger's interest in Down Under Minerals, LLC;
5. Finger's interest in Allen Parkway Ventures, Ltd., LP;
6. Finger's interest in Maven Royalty 2, LP;
7. Finger's interest in Ariadne Films LLC;
8. Finger's interest in Lata Lignum;
9. Finger's interest in Bank of America account number ending -8670; and
10. Finger's personal property, as defined by Tex. Prop. Code § 42.002, that has an aggregate fair market value of more than $100,000.

1

Defendant Finger shall utilize the assets held in his Merrill Lynch brokerage account as collateral to secure a $6.5 million appeal bond, and for no other purpose.

Notwithstanding the foregoing, Defendant Finger shall be permitted to use his assets in Bank of America checking account number ending -8670 only to pay the bond premium, and federal, state, and local taxes, as they come due.

This injunction shall not have any effect on Defendant Finger's exempt property, including his homestead located at 7 Pinehill Lane, Houston, Texas 77019, Texas Prop. Code §§ 41.001(a)-.002(a), retirement plans, *id*. § 42.0021(a)-(b), and personal property up to a fair market value of $100,000, *id*. § 42.001(a)(1), .002(a).

This injunction shall remain in effect throughout the pendency of Defendant Finger's appeal and will only be dissolved upon further Order of this Court.

**IT IS SO ORDERED.**

DATED: August 4, 2025

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Exhibit D

# GREER, HERZ & ADAMS, L.L.P.
## 2025-82150 / Court: 334

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

**VICTORIA S. RUTHERFORD**
409.797.3264
866.422.4270 fax
vrutherford@greerherz.com

One Moody Plaza, 18th Floor
Galveston, Texas 77550
www.greerherz.com

November 20, 2025

Marilyn Burgess
Harris County District Clerk
P.O. Box 4651
Houston, TX 77210-4651

> Re: Cause No. _____; *International Medical Devices, Inc., Menova International, Inc., and James Elist, M.D. vs. Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger*; In the ____ Judicial District Court of Harris County, Texas.

To Whom it May Concern:

Pursuant Texas Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. Code §35.001 et seq. (the "**UEFJA**"), International Medical Devices, Inc., Menova International, Inc., and James Elist, M.D. (collectively, "Judgment Creditors") file the following documents in order to domesticate the Corrected Amended Final Judgment of the United States District Court Central District of California, Western Division in Case No. 2:20-cv-03503-CBM (RAOx). Enclosed, you will find the following:

1. An Authenticated copy of the Corrected Amended Final Judgment dated June 30, 2025 of the United States District Court Central District of California, Western Division; Case No. 2:20-cv-03503-CBM-RAO, styled *International Medical Devices, Inc., Menova International, Inc., and James Elist, M.D. vs. Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger*; (the "**Judgment**");

2. Affidavit of Last Known Addresses of Parties

3. Notice of Filing of all the Judgment and Affidavit of Last Known Addresses and Parties

Proof of Mailing of the Judgment, Affidavit of Last Known Addresses, and Notice of Filing to all Parties will be filed with this Court following their mailing.

Re:     Cause No. _____; *International Medical Devices, Inc., Menova International, Inc., and James Elist, M.D. vs. Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger;* In the ____ Judicial District Court of Harris County, Texas

Thank you for your attention to this matter. Please contact me if you have any questions.

Sincerely,

Victoria S. Rutherford

VSR/bb

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Belinda Busscher on behalf of Victoria Rutherford
Bar No. 24110309
bbusscher@greerherz.com
Envelope ID: 108269167
Filing Code Description: Petition
Filing Description: Petition ($350.00)
Status as of 11/20/2025 9:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Rutherford | | vrutherford@greerherz.com | 11/20/2025 9:27:04 AM | SENT |

**ATTACHMENT 1**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| International Medical Devices, Inc. et al. | CASE NUMBER |
| PLAINTIFF(S) | 2:20-cv-03503-CBM-RAO |
| v. | |
| MD Robert Cornell, et al. | **EXEMPLIFIED CERTIFICATE** |
| DEFENDANT(S) | |

I, Brian D. Karth, Clerk of the United States District Court, Central District of California, do hereby certify that the annexed is a full, true and correct copy of the original  CORRECTED AMENDED FINAL JUDGMENT

in the above entitled case, on file in my office.

WITNESS my hand and seal of said Court this ___30___ day of ___2025___

Brian D. Karth, Clerk of Court

By: _____
Deputy Clerk

**DIMITRI ENGLISH**

I hereby certify that the foregoing certificate of the Clerk of the United States District Court, Central District of California, is in due form and that the signature attached hereto is the true signature of the Clerk of said Court.

___June 30, 2025___
Date

United States Magistrate Judge   STEVE KIM

I, Brian D. Karth, Clerk of the United States District Court, Central District of California, do hereby certify that the Honorable _____Steve Kim_____ is, upon the date hereof, a U.S. Magistrate Judge of said Court and that the signature to the above certificate is the true signature of said Magistrate Judge.

WITNESS my hand and seal of said Court this ___30___ day of ___2025___

Brian D. Karth, Clerk of Court

By: _____
Deputy Clerk

**DIMITRI ENGLISH**

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC. et al, | Case No. 2:20-cv-03503-CBM (RAOx) |
| Plaintiffs, | **CORRECTED AMENDED FINAL JUDGMENT** |
| v. | |
| ROBERT CORNELL, M.D. ; ROBERT J. CORNELL, M.D., P.A. ; AUGMENTA, LLC ; AUGMENTA INVESTORS, LLC ; CORNELL COSMETIC UROLOGY, LLC ; DAVID LOUIS NICHOLS ; HUCK MEDICAL TECHNOLOGIES, INC. ; HANS MISCHE ; HANS MISCHE, LLC ; RUN WANG, M.D. ; and RICHARD B. FINGER, | Judge: Hon. Consuelo B. Marshall<br>Trial Date: June 6, 2023 |
| Defendants. | |

1    In accordance with the jury's verdict in this matter (Dkt. 649) and the Court's

2    Orders on Plaintiffs International Medical Devices, Inc. ("IMD"); Menova

3    International, Inc. ("Menova"); and James Elist, M.D.'s (collectively, "Plaintiffs'")

4    Post-Trial Motion for Award of Reasonable Royalties, Disgorgement, Statutory

5    Damages, Prejudgment Interest, and Exemplary Damages (Dkt. 698) and Plaintiffs'

6    Motion for Injunctive Relief and Patent Invalidation (Dkt. 699), the Court, pursuant

7    to Federal Rule of Civil Procedure 58, enters this Corrected Amended Final

8    Judgment in favor of Plaintiffs and against Defendants Robert Cornell, M.D., Robert

9    J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell

10    Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.;

11    Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger

12    (collectively, "Defendants") as follows:

13        It is hereby **ORDERED AND ADJUDGED** that:

14        1.    Judgment is hereby entered in favor of Plaintiffs and against

15    Defendants.

16        2.    Defendants are jointly and severally liable to Plaintiff IMD for

17    Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act

18    ("CUTSA"), Cal. Civ. Code §§ 1836, et seq., for a reasonable royalty as follows:

19            a.    Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;

20                Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic

21                Urology, LLC; David Louis Nichols; Huck Medical Technologies;

22                Run Wang, M.D.; and Richard B. Finger are jointly and severally

23                liable for a reasonable royalty of $3,037,917.90 for misappropriation

24                of a trade secret consisting of the incorporation of internal pockets or

25                voids of space within the silicone body of a cosmetic penile silicone

26                implant to add softness and elasticity;

27            b.    Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;

28                Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic

1

1   Urology, LLC; David Louis Nichols; Huck Medical Technologies;
2   Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B.
3   Finger are jointly and severally liable for a reasonable royalty of
4   $1,215,167.16 for misappropriation of a trade secret consisting of the
5   incorporation of mesh tabs embedded in or around the distal tip of a
6   cosmetic penile implant to facilitate tissue ingrowth;
7      c.  Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;
8   Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic
9   Urology, LLC; David Louis Nichols; Huck Medical Technologies;
10   Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B.
11   Finger are jointly and severally liable for a reasonable royalty of
12   $911,375.36 for misappropriation of the incorporation a trade secret
13   consisting of the use of absorbable sutures as part of the cosmetic
14   silicone penile implant procedure paired or in combination with mesh
15   tabs embedded in and around the distal tip of the implant to hold the
16   implant; and
17      d.  Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;
18   Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic
19   Urology, LLC; Hans Mische; Hans Mische, LLC; Run Wang, M.D.;
20   and Richard B. Finger are jointly and severally liable for a reasonable
21   royalty of $607,583.58 for misappropriation of the incorporation a
22   trade secret consisting of a particular list of instruments and materials
23   used to perform the surgical method associated with the placement of a
24   cosmetic penile implant referred to as the Penuma Instrument and
25   Supply List.
26      e.  Defendants are liable for prejudgment interest at a rate of 7% pursuant
27   to Cal. Civ. Code § 3287(c) accruing from March 30, 2018—the date

28

2

1    the trade secrets were misappropriated——until the date of entry of this
2    Final Judgment.
3        3.   Defendants are liable to Plaintiff IMD for exemplary damages for
4    willful and malicious trade secret misappropriation under CUTSA § 3426.3(c) as
5    follows:
6            a.   Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;
7                 Augmenta, LLC; Augmenta Investors, LLC; Cornell
8                 CosmeticUrology, LLC; David Louis Nichols; Huck Medical
9                 Technologies; Run Wang, M.D.; and Richard B. Finger are jointly and
10               severally liable for exemplary damages of $6,075,835.79 for willful
11               and malicious misappropriation of a trade secret consisting of the
12               incorporation of internal pockets or voids of space within the silicone
13               body of a cosmetic penile silicone implant to add softness and
14               elasticity;
15           b.   Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;
16               Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic
17               Urology, LLC; David Louis Nichols; Huck Medical Technologies;
18               Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B.
19               Finger are jointly and severally liable for exemplary damages of
20               $2,430,334.32 for the willful and malicious misappropriation of a trade
21               secret consisting of the incorporation of mesh tabs embedded in or
22               around the distal tip of a cosmetic penile implant to facilitate tissue
23               ingrowth;
24           c.   Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;
25               Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic
26               Urology, LLC; David Louis Nichols; Huck Medical Technologies;
27               Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B.
28               Finger are jointly and severally liable for exemplary damages of

1    $1,822,750.74 for the willful and malicious misappropriation of a trade

2    secret consisting of the use of absorbable sutures as part of the

3    cosmetic silicone penile implant procedure paired or in combination

4    with mesh tabs embedded in and around the distal tip of the implant to

5    hold the implant; and

6    d.  Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.;

7    Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic

8    Urology, LLC; Hans Mische; Hans Mische, LLC; Run Wang, M.D.;

9    and Richard B. Finger are jointly and severally liable for exemplary

10    damages of $1,215,167.15 for the willful and malicious

11    misappropriation of a trade secret consisting of particular list of

12    instruments and materials used to perform the surgical method

13    associated with the placement of a cosmetic penile implant referred to

14    as the Penuma Instrument and Supply List.

15    4.  Defendant Robert Cornell is liable to Plaintiffs for breach of the Non-

16    Disclosure Agreement. This finding supports an alternative basis for a reasonable

17    royalty award to Plaintiffs in the amount of $5,772,044 and against Defendant

18    Robert Cornell only.

19    5.  Defendants Robert Cornell and Robert J. Cornell M.D., P.A. are liable

20    to Plaintiff Menova for $1,000,000 in statutory damages for use of a counterfeit

21    mark under 15 U.S.C. § 1117(c)(2), plus prejudgment interest in accordance with 26

22    U.S.C. § 6621(a)(2), accruing from April 22, 2020—the date Defendants were

23    served with the original Complaint in this action—until the date of entry of this

24    Final Judgment.

25    6.  Defendants Robert Cornell, Hans Mische, and David Louis Nichols are

26    liable to Plaintiffs in the amount of $1,650 for copyright infringement under 17

27    U.S.C. § 501.

28

4

1    7.   Defendant Run Wang is liable to Plaintiffs for nominal damages in the
2    amount of $1 for breach of contract.

3    8.   Defendants shall pay post judgment interest on any amounts due after
4    30 days of the entry of the Amended Final Judgment (Dkt. No. 708) pursuant to 28
5    U.S.C. § 1961.

6    9.   The Court entered a Permanent Injunction at Dkt. No. 700.

7    10.  Violation of the Permanent Injunction shall expose Defendants and all
8    other persons bound by such permanent injunction to all applicable penalties,
9    including sanctions and contempt of Court.

10   11.  The lifting of the Permanent Injunction is conditioned upon full
11   payment of the royalty and damages ordered in paragraphs 2-7 above.

12   12.  This Court shall retain continuing jurisdiction to modify and/or enforce
13   the Permanent Injunction, which may also be enforced by any other court of
14   competent jurisdiction.

15   13.  Pursuant to CUTSA § 3426.4 and 15 U.S.C. § 1117(a), Defendants
16   may be liable for attorneys' fees and costs in an amount to be determined by motion
17   or stipulation. The Court retains jurisdiction to adjudicate any motion for reasonable
18   attorneys' fees and costs. To the extent the Parties are unable to stipulate to an
19   award of attorneys' fees and costs, Plaintiffs' motion shall be brought within 28
20   days of entry of this Final Judgment.

21   14.  The jury found by clear and convincing evidence that Defendants' '413
22   and '639 Patents are invalid.

23
24   **IT IS SO ORDERED.**
25
26   Dated: March 19, 2025           By: _____
27                                   Honorable Consuelo B. Marshall
28                                   United States District Judge

# ATTACHMENT 2

NO. _____

| | | |
|---|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC., MENOVA INTERNATIONAL, INC., AND JAMES ELIST, M.D. *Judgment Creditors,* | § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| ROBERT CORNELL, M.D.; ROBERT J. CORNELL, M.D., P.A.; AUGMENT, LLC; AUGMENTA INVESTORS, LLC; CORNELL COSMETIC UROLOGY, LLC; DAVID LOUIS NICHOLS; HUCK MEDICAL TECHNOLOGIES, INC.; HANS MISCHE; HANS MISCHE, LLC; RUN WANG, M.D.; RICHARD B. FINGER, *Judgment Debtors.* | § § § § § § § § § § § | ____ JUDICIAL DISTRICT |

## AFFIDAVIT IN SUPPORT OF NAMES OF PARTIES, LAST KNOWN ADDRESSES, AND FACTS THAT REFLECT PERSONAL KNOWLEDGE OF AFFIANTS

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF GALVESTON | § |

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, who, being by me duly sworn, on oath stated:

1.      "I, Victoria S. Rutherford, I am over 18 years of age, of sound mind and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am the attorney for Plaintiffs, International Medical Devices, Menova International, Inc., and James Elist, M.D. (the "Judgment Creditors") and am filing with the clerk of the above captioned court, in accordance with the Texas Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. §35.001 et seq. (the "UEFJA") this Affidavit in Support

of Names of Parties, Last Known Addresses, and Facts that Reflect Personal Knowledge of Affiants.

3.     On March 19, 2025, the United States District Court Central District of California, Western Division signed a Corrected Amended Final Judgment in Case No. 2:20-cv-03503-CBM-RAO; *International Medical Devices, Inc., Menova International, Inc., and James Elist, M.D., vs. Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger* against Defendants Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger (Judgment Debtors). The clerk of the Court, Brian D. Karth, and the U.S. Magistrate Judge, Steve Kim, signed the Exemplified Certificate on June 30, 025. I am familiar with the Judgment and the Judgment Debtors, I have reviewed the records of the underlying case, and my firm has conducted searches using public records for the Defendants' whereabouts. I hereby certify that based upon a review of Plaintiff's records and records of the public domain, the last known mailing address of the following Texas Judgment Debtors:

   a. Robert Cornell, M.D.
      11702 Fidelia Ct
      Houston, TX 77024-6413

   b. Robert J. Cornell, M.D., P.A.
      1315 Joseph Parkway, Suite 1700
      Houston, TX 77002-8232

   c. Augmenta Investors, LLC
      c/o Robert Cornell
      11702 Fidelia Ct.
      Houston, TX 77024-6413

d.  David Louis Nichols
    2491 CR 3707
    Bullard, TX 75757

e.  Augmenta, LLC
    1315 St. Joseph Parkway, Suite 1700
    Houston, TX 77002-8232

f.  Cornell Cosmetic Urology, LLC
    1315 Joseph Parkway, Suite 1700
    Houston, TX 77002-8232

g.  Huck Medical Technologies, Inc.
    111 Cash St.
    Jacksonville, TX 75766

h.  David Louis Nichols
    111 Cash St.
    Jacksonville, TX 75766

i.  Run Wang, M.D.
    4108 Amherst Street
    Houston, TX 77005

j.  Richard B. Finger
    7   Pinehill Lane
    Houston, TX 77019

4.    The names and last known mailing addresses of the Plaintiffs are:

a.  International Medical Devices, Inc.,
    8500 Wilshire Boulevard, Suite 707
    Beverly Hills, CA 90211

b.  Menova International, Inc.,
    8500 Wilshire Boulevard, Suite 707
    Beverly Hills, CA 90211

c.  James Elist, M.D.
    8500 Wilshire Boulevard, Suite 707
    Beverly Hills, CA 90211

Signed November 19, 2025

Victoria S. Rutherford

STATE OF TEXAS        §
                                          §

COUNTY OF GALVESTON     §

       SUBSCRIBED TO AND SWORN BEFORE ME on this 19th day of November 2025, by VICTORIA S. RUTHERFORD.



                                            Notary Public, State of Texas

KATHALEEN C RHOADS
Notary Public, State of Texas
Comm. Expires 09-30-2029
Notary ID 129556032

SUBMITTED BY:

Victoria S. Rutherford
Greer, Herz & Adams LLP
State Bar No. 24110309
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Telephone: (409) 797-3200
Facsimile: (866) 422-4270
Email: vrutherford@greerherz.com

**ATTORNEY FOR JUDGMENT CREDITORS**

# ATTACHMENT 3

NO. _____

| | | |
|---|---|---|
| **INTERNATIONAL MEDICAL** | § | **IN THE DISTRICT COURT OF** |
| **DEVICES, INC.,** | § | |
| **MENOVA** | § | |
| **INTERNATIONAL, INC.,** | § | |
| **AND JAMES ELIST, M.D.** | § | |
| *Judgment Creditors,* | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ROBERT CORNELL, M.D.;** | § | |
| **ROBERT J. CORNELL, M.D., P.A.;** | § | |
| **AUGMENT, LLC; AUGMENTA** | § | |
| **INVESTORS, LLC; CORNELL COSMETIC** | § | |
| **UROLOGY, LLC; DAVID LOUIS NICHOLS;** | § | |
| **HUCK MEDICAL TECHNOLOGIES, INC.;** | § | |
| **HANS MISCHE; HANS MISCHE, LLC;** | § | |
| **RUN WANG, M.D.; RICHARD B. FINGER,** | § | |
| *Judgment Debtors.* | § | **_____ JUDICIAL DISTRICT** |

## NOTICE OF FILING OF FOREIGN JUDGMENT

YOU ARE HEREBY NOTIFIED that in accordance with the Rules of Civil Procedure of the State of Texas and pursuant to Article 35.004 of the Texas Civil Practice and Remedies Code regarding "Enforcement of Judgments in Other States," there has been filed, in the office of the District Clerk of Harris County, Texas on the 19th day of November, 2025, an Authenticated copy of the Judgment obtained in the United States District Court Central District of California, originally entered in a lawsuit styled *International Medical Devices, Inc., Menova International, Inc., and James Elist, M.D. vs. Robert Cornell, M.D.; Robert J. Cornell, M.D., P.A.; Augmenta, LLC; Augmenta Investors, LLC; Cornell Cosmetic Urology, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, M.D.; and Richard B. Finger* bearing Case No. 2:20-cv-03503-CBM-RAO, which judgment was entered on the 30th day of June 2025 in the total sum of $23,089,827.00 plus interest continuing to accrue (copy attached), and supporting Affidavit (copy attached).

This Notice is hereby provided on behalf of the judgment creditors, International Medical Devices, Inc., Menova International, Inc., and James Elist M.D..

The names and addresses of the judgment debtors are:

    a.  Robert Cornell, M.D.
        11702 Fidelia Ct
        Houston, TX 77024-6413

b. Robert J. Cornell, M.D., P.A.
   1315 Joseph Parkway, Suite 1700
   Houston, TX 77002-8232

c. Augmenta Investors, LLC
   c/o Robert Cornell
   11702 Fidelia Ct.
   Houston, TX 77024-6413

d. David Louis Nichols-
   2491 CR 3707
   Bullard, TX 75757

e. Augmenta, LLC
   1315 St. Joseph Parkway, Suite 1700
   Houston, TX 77002-8232

f. Cornell Cosmetic Urology, LLC
   1315 Joseph Parkway, Suite 1700
   Houston, TX 77002-8232

g. Huck Medical Technologies, Inc.
   111 Cash St.
   Jacksonville, TX 75766

h. David Louis Nichols
   111 Cash St.
   Jacksonville, TX 75766

i. Run Wang, M.D.
   4108 Amherst Street
   Houston, TX 77005

j. Richard B. Finger
   7   Pinehill Lane
   Houston, TX 77019

The name and addresses of the judgment creditors are:

a. International Medical Devices, Inc.,
   8500 Wilshire Boulevard, Suite 707
   Beverly Hills, CA 90211

      b.  Menova International, Inc.,
          8500 Wilshire Boulevard, Suite 707
          Beverly Hills, CA 90211

      c.  James Elist, M.D.
          8500 Wilshire Boulevard, Suite 707
          Beverly Hills, CA 90211

The name and address of the judgment creditors' attorney in Texas is:

      Victoria Rutherford
      Greer, Herz & Adams, L.L.P.
      One Moody Plaza, 18th Floor
      Galveston, Texas 77550

Signed on the 20th of November, 2025.

          Respectfully submitted,

          **GREER, HERZ & ADAMS, L.L.P.**

          By: _/s/ Victoria Rutherford_
          **Victoria Rutherford**
          State Bar No. 24110309
          vrutherford@greerherz.com
          One Moody Plaza, 18th Floor
          Galveston, Texas 77550
          (409) 797-3200 (Telephone)
          (866) 422-4352 (Facsimile)

          **ATTORNEY FOR JUDGMENT CREDITORS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been served, in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, upon the following on this 20th day of November, 2025 via the method indicated below:

_**Via CM/RRR: 9589 0710 5270 2938 7792 53**_
_**& Regular U.S. Mail**_
Robert Cornell, M.D.
11702 Fidelia Ct
Houston, TX 77024-6413

***Via CM/RRR: 9589 0710 5270 2713 9412 71***
***& Regular U.S. Mail***
Robert J. Cornell, M.D., P.A.
1315 Joseph Parkway, Suite 1700
Houston, TX 77002-8232

***Via CM/RRR: 9589 0710 5270 2713 9412 88***
***& Regular U.S. Mail***
Augmenta Investors, LLC
c/o Robert Cornell
11702 Fidelia Ct.
Houston, TX 77024-6413

***Via CM/RRR: 9589 0710 5270 2713 9412 95***
***& Regular U.S. Mail***
David Louis Nichols
2491 CR 3707
Bullard, TX 75757

***Via CM/RRR: 9589 0710 5270 2713 9413 01***
***& Regular U.S. Mail***
Augmenta, LLC
1315 St. Joseph Parkway, Suite 1700
Houston, TX 77002-8232

***Via CM/RRR: 9589 0710 5270 2713 9413 18***
***& Regular U.S. Mail***
Cornell Cosmetic Urology, LLC
1315 Joseph Parkway, Suite 1700
Houston, TX 77002-8232

***Via CM/RRR: 9589 0710 5270 2713 9413 25***
***& Regular U.S. Mail***
Huck Medical Technologies, Inc.
111 Cash St.
Jacksonville, TX 75766

***Via CM/RRR: 9589 0710 5270 2713 9413 32***
***& Regular U.S. Mail***
David Louis Nichols
111 Cash St.
Jacksonville, TX 75766

***Via CM/RRR: 9489 0710 5270 2713 9413 49***
***& Regular U.S. Mail***
Run Wang, M.D.
4109 Amherst Street
Houston, TX 77005

***Via CM/RRR: 9589 0710 5270 2938 7792 39***
***& Regular U.S. Mail***
Richard B. Finger
8 Pinehill Lane
Houston, TX 77019

                                              */s/ Victoria Rutherford*
                                              Victoria Rutherford

Exhibit E

**BECK REDDEN LLP**
Russell S. Post (admitted pro hac vice)
*rpost@beckredden.com*
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
*Counsel for Defendant Richard Finger*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC.; et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ROBERT CORNELL, MD, an individual; et al.,<br><br>                    Defendants. | Case No. 2:20-cv-03503-CBM (RAOx)<br><br>**DEFENDANT RICHARD FINGER'S NOTICE OF APPEAL**<br><br>Judge:    Hon. Consuelo B. Marshall<br><br>Date:  March 17, 2025 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL
OF RECORD:**

Notice is hereby given that Defendant Richard Finger ("Finger") hereby appeals to the United States Court of Appeals for the Federal Circuit. Finger appeals from the Amended Final Judgment entered in this case on May 30, 2024 (ECF 708); all prior interlocutory orders that merged into the final judgment; the Order Denying Defendants' Motion for Amended or Additional Findings, and to Alter or Amend (ECF 766); and the Order Denying Defendants' Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (ECF 765), including the In Chambers Order Re: Plaintiffs' *Ex Parte* Application for Leave to File Response to Plaintiffs' Supplemental Brief regarding that motion (ECF 763).

Dated: March 17, 2025                    **BECK REDDEN LLP**

                                         */s/ Russell S. Post*
                                         Russell S. Post (*pro hac vice*)
                                          rpost@beckredden.com
                                         1221 McKinney, Suite 4500
                                         Houston, Texas 77010
                                         Telephone: (713) 951-3700
                                         Facsimile: (713) 951-3720

                                         *Counsel for Defendant Richard Finger*

DEFENDANT RICHARD FINGER'S NOTICE OF APPEAL

## <u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>

I, the undersigned, declare:

  I am not a party to the above case, and I am over the age of eighteen.  On March 17, 2025, I served a true and correct copy of the foregoing document by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

  I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed March 17, 2025, in Houston, Texas.


       <u>/s/ Russell S. Post    </u>
       Russell S. Post

Exhibit F

**GLANCY PRONGAY & MURRAY**
Kevin Ruf (State Bar No. 136901)
  *kruf@glancylaw.com*
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**AHMAD, ZAVITSANOS & MENSING PLLC**
Shahmeer Halepota (admitted pro hac vice)
  *shalepota@azalaw.com*
Jason McManis (admitted pro hac vice)
  *jmcmanis@azalaw.com*
Weining Bai (admitted pro hac vice)
  *wbai@azalaw.com*
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
*Counsel for Defendants Robert Cornell, MD;*
*Augmenta, LLC; Robert J. Cornell M.D., P.A.;*
*Cornell Cosmetic Urology, LLC; Augmenta Investors, LLC;*
*David Louis Nichols; Huck Medical Technologies, Inc.;*
*Hans Mische; Hans Mische, LLC; Run Wang, MD*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT CORNELL, MD, an individual; et al., <br><br> Defendants. | Case No. 2:20-cv-03503-CBM (RAOx) <br><br> **DEFENDANTS' NOTICE OF APPEAL** <br><br> Judge:    Hon. Consuelo B. Marshall <br><br> Date:  March 17, 2025 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Notice is hereby given that Defendants Robert Cornell, MD; Augmenta, LLC; Robert J. Cornell M.D., P.A.; Cornell Cosmetic Urology, LLC; Augmenta Investors, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, MD hereby appeal to the United States Court of Appeals for the Federal Circuit. Defendants appeal from the Amended Final Judgment entered in this case on May 30, 2024 (ECF 708); all prior interlocutory orders that merged into the final judgment; the Order Denying Defendants' Motion for Amended or Additional Findings, and to Alter or Amend (ECF 766); and the Order Denying Defendants' Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (ECF 765), including the In Chambers Order Re: Plaintiffs' *Ex Parte* Application for Leave to File Response to Plaintiffs' Supplemental Brief regarding that motion (ECF 763).

1

Dated: March 17, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AHMAD, ZAVITSANOS &
MENSING PLLC**

By: */s/ Jason McManis*
John Zavitsanos (*pro hac vice*)
  jzavitsanos@azalaw.com
Jason McManis (*pro hac vice*)
  jmcmanis@azalaw.com
Shahmeer Halepota (*pro hac vice*)
  shalepota@azalaw.com
Weining Bai (*pro hac vice*)
  wbai@azalaw.com
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**GLANCY PRONGAY & MURRAY LLP**
Kevin Ruf (State Bar No. 136901)
  kruf@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Defendants Robert Cornell, MD;
Augmenta, LLC; Robert J. Cornell M.D.,
P.A.; Cornell Cosmetic Urology, LLC;
Augmenta Investors, LLC; David Louis
Nichols; Huck Medical Technologies, Inc.;
Hans Mische; Hans Mische, LLC; Run Wang,
MD*

2

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned, declare:

      I am not a party to the above case, and I am over the age of eighteen.  On March 17, 2025, I served a true and correct copy of the foregoing document by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

      I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed March 17, 2025, in Houston, Texas.

                   */s/ Jason McManis*
                   Jason McManis

Exhibit G

1
2
3
4
5
6
7

**BECK REDDEN LLP**
Russell S. Post (admitted pro hac vice)
*rpost@beckredden.com*
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
*Counsel for Defendant Richard Finger*

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10
11
12
13
14
15
16
17

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT CORNELL, MD, an individual; et al., <br><br> Defendants. | Case No. 2:20-cv-03503-CBM (RAOx) <br><br> **DEFENDANT RICHARD FINGER'S AMENDED NOTICE OF APPEAL** <br><br> Judge:   Hon. Consuelo B. Marshall <br><br> Date:  March 21, 2025 |

18
19
20
21
22
23
24
25
26
27
28

1  **TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL**
2  **OF RECORD:**

3          Notice is hereby given that Defendant Richard Finger ("Finger") hereby
4
5  appeals to the United States Court of Appeals for the Federal Circuit. Finger appeals
6  from the Amended Final Judgment entered in this case on May 30, 2024 (ECF 708);
7
8  all prior interlocutory orders that merged into the final judgment; the Order Denying
9  Defendants' Motion for Amended or Additional Findings, and to Alter or Amend
10  (ECF 766); the Order Denying Defendants' Renewed Motion for Judgment as a
11
12  Matter of Law and Motion for New Trial (ECF 765), including the In Chambers
13  Order Re: Plaintiffs' *Ex Parte* Application for Leave to File Response to Plaintiffs'
14  Supplemental Brief regarding that motion (ECF 763); the Order re Plaintiffs' *Ex*
15
16  *Parte* Application for Order to Correct Amended Final Judgment (ECF 770); and
17  the Corrected Amended Final judgment entered in this case on March 20, 2025
18  (ECF 771).
19
20  Dated: March 21, 2025                **BECK REDDEN LLP**

21                                        */s/ Russell S. Post*
22                                        Russell S. Post (*pro hac vice*)
                                           *rpost@beckredden.com*
23                                        1221 McKinney, Suite 4500
24                                        Houston, Texas 77010
                                           Telephone: (713) 951-3700
25                                        Facsimile: (713) 951-3720
26                                        *Counsel for Defendant Richard Finger*
27
28

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, declare:

I am not a party to the above case, and I am over the age of eighteen.  On March 21, 2025, I served a true and correct copy of the foregoing document by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed March 21, 2025, in Houston, Texas.

*/s/ Russell S. Post*
Russell S. Post

Exhibit H

**GLANCY PRONGAY & MURRAY**
Kevin Ruf (State Bar No. 136901)
   *kruf@glancylaw.com*
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**AHMAD, ZAVITSANOS & MENSING PLLC**
Shahmeer Halepota (admitted pro hac vice)
   *shalepota@azalaw.com*
Jason McManis (admitted pro hac vice)
   *jmcmanis@azalaw.com*
Weining Bai (admitted pro hac vice)
   *wbai@azalaw.com*
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
*Counsel for Defendants Robert Cornell, MD;*
*Augmenta, LLC; Robert J. Cornell M.D., P.A.;*
*Cornell Cosmetic Urology, LLC; Augmenta Investors, LLC;*
*David Louis Nichols; Huck Medical Technologies, Inc.;*
*Hans Mische; Hans Mische, LLC; Run Wang, MD*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL DEVICES, INC.; et al.,<br><br>   Plaintiffs,<br>  v.<br><br>ROBERT CORNELL, MD, an individual; et al.,<br><br>   Defendants. | Case No. 2:20-cv-03503-CBM (RAOx)<br><br>**DEFENDANTS' SECOND AMENDED NOTICE OF APPEAL**<br><br>Judge: Hon. Consuelo B. Marshall<br><br>Date: March 24, 2025 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL
OF RECORD:**

Notice is hereby given that Defendants Robert Cornell, MD; Augmenta, LLC; Robert J. Cornell M.D., P.A.; Cornell Cosmetic Urology, LLC; Augmenta Investors, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, MD hereby appeal to the United States Court of Appeals for the Federal Circuit. Defendants appeal from the Amended Final Judgment entered in this case on May 30, 2024 (ECF 708); all prior interlocutory orders that merged into the final judgment; the Order Denying Defendants' Motion for Amended or Additional Findings, and to Alter or Amend (ECF 766); the Order Denying Defendants' Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (ECF 765), including the In Chambers Order Re: Plaintiffs' *Ex Parte* Application for Leave to File Response to Plaintiffs' Supplemental Brief regarding that motion (ECF 763); the Order re Plaintiffs' *Ex Parte* Application for Order to Correct Amended Final Judgment (ECF 770); and the Corrected Amended Final judgment entered in this case on March 20, 2025 (ECF 771).

DEFENDANTS' SECOND AMENDED NOTICE OF APPEAL

Dated: March 24, 2025

**AHMAD, ZAVITSANOS & MENSING PLLC**

By: */s/ Jason McManis*
John Zavitsanos (*pro hac vice*)
  jzavitsanos@azalaw.com
Jason McManis (*pro hac vice*)
  jmcmanis@azalaw.com
Shahmeer Halepota (*pro hac vice*)
  shalepota@azalaw.com
Weining Bai (*pro hac vice*)
  wbai@azalaw.com
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

**GLANCY PRONGAY & MURRAY LLP**
Kevin Ruf (State Bar No. 136901)
  kruf@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Defendants Robert Cornell, MD; Augmenta, LLC; Robert J. Cornell M.D., P.A.; Cornell Cosmetic Urology, LLC; Augmenta Investors, LLC; David Louis Nichols; Huck Medical Technologies, Inc.; Hans Mische; Hans Mische, LLC; Run Wang, MD*

1

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

2

3     I, the undersigned, declare:

4         I am not a party to the above case, and I am over the age of eighteen.  On March

5     24, 2025, I served a true and correct copy of the foregoing document by posting the

6     document electronically to the ECF website of the United States District Court for the

7     Central District of California, for receipt electronically by the parties listed on the

8     Court's Service List.

9         I affirm under penalty of perjury under the laws of the United States of America

10    that the foregoing is true and correct.  Executed March 24, 2025, in Houston, Texas.

11

12         _/s/ Jason McManis_____
           Jason McManis

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28