Beck | Redden LLP
The Trial and Appellate Law Firm

1221 McKinney Street, Suite 4500
Houston, Texas 77010
Phone: 713.951.3700 Fax: 713.951.3720
www.beckredden.com

Russell S. Post
713-951-6292
rpost@beckredden.com
Board Certified ♦ Civil Appellate Law
Texas Board of Legal Specialization

July 16, 2026

VIA CM/ECF

Jarrett B. Perlow
Clerk of Court
717 Madison Place, NW
Washington, DC 20439

Re: *International Medical Devices, Inc. v. Cornell.*, No. 25-1580

Dear Mr. Perlow:

Appellants respectfully file this response to Appellee's Rule 28(j) letter regarding *Comet Technologies USA, Inc. v. XP Power, LLC*, Nos. 23-15601, 23-15709, & 25-745 (9th Cir. July 14, 2026).

*Comet* adds nothing new for the Court's consideration. The principle that CUTSA treats the question of whether an alleged secret is "readily ascertainable by proper means" as a defensive matter was raised in Appellee's rehearing motion (although not its brief), and *Comet* does not contribute anything new to the Court's knowledge of California law. Appellants have already demonstrated that the panel's decision was not based on any misapprehension of California law regarding this principle, but on the well-settled rule that a trade secret, by definition, is not "generally known to the public or to other persons who can obtain economic value from its disclosure or use." Cal. Civ. Code § 3426.1(d). That test cannot be satisfied—as a matter of law—when the alleged trade secret is disclosed by a patent or is a self-evident variant of a generally-known idea. Appellants' Joint Resp. to Combined Pet. for Panel Rehearing or Rehearing En Banc at 9-12.

The fact that the panel correctly decided this case as a matter of law based on the prior patent disclosures—consistent with this Court's prior cases and Ninth Circuit cases applying the same legal rule, *see id*. at 6, 10—underscores that *Comet* is beside the point. That decision turned on placement of the burden of proof as to "readily ascertainable," but when the legally material facts are established as a matter of law, there is nothing for the jury to decide so placement of the burden is irrelevant. That is precisely the case here, because the alleged secrets were publicly disclosed in patents. The panel did not err.

The combined petition for panel rehearing or rehearing en banc should be denied.

Respectfully submitted,

Russell S. Post
*Counsel for Appellant Richard B. Finger*

Kelsi S. White
*Counsel for Non-Finger Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF System. Notice of this filing will be sent electronically by operation of the Court's electronic filing system to all counsel of record.

*/s/ Russell S. Post*
Russell S. Post
*Counsel for Appellant Richard B. Finger*

## CERTIFICATE OF COMPLIANCE

1. This citation of supplemental authorities contains 306 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point Times New Roman font.

Dated: July 16, 2026

*/s/ Russell S. Post*
Russell S. Post
*Counsel for Appellant Richard B. Finger*